## Vaughan & Co., Appellant, *v.* Hopewell.

*Judgments—Confession of judgment—Rule to open judgment—Feigned issue.*

On a rule to open judgment the court discharged the rule upon the failure of the defendant to make out a case of fraud.

By the terms of the confession the judgment was given as security for any commissions which might accrue to the plaintiff company by virtue of an agency to sell certain premises of which defendant was the owner. The court, while it did not open the judgment, awarded an issue to determine the amount which might be due and owing on the contract.

*Held,* that under such circumstances the issue was properly awarded, and that judgment for want of a sufficient affidavit of defense could not be entered in such issue.

Submitted March 7, 1922. Appeal, No. 16, March T., 1922, by plaintiff, from judgment of C. P. Lackawanna Co., Oct. T., 1920, No. 1090, discharging rule to open judgment and awarding an issue in the case of Vaughan & Company v. John U. Hopewell. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Rule to open judgment. Before NEWCOMB, J.

The facts are stated in the following opinion of the court below discharging rule to open judgment and rule for judgment for want of a sufficient affidavit of defense:

Judgment d. s. b. in the sum of $950 was entered against defendant by confession in a written instrument. The integrity of the writing was attacked for a fraudulent deception whereby defendant was misled as to its identity when he put his signature to it. While he supports the allegation by his own testimony there is nothing to corroborate him, either directly or otherwise; and that is decisive against the motion.

But by the terms of the confession the judgment stands only as security for any commission which may have ac-

crued to plaintiff company by virtue of an agency to sell certain premises of which defendant was the owner.

There is nothing in the pleadings to show that such commission has in fact accrued; and the testimony submitted makes it clear that defendant denies all liability on that score. That is to say, he takes the position that while his property has in the meantime been sold, plaintiff had nothing to do with the sale.

Hence the parties are in dispute on the ultimate question to which the contract gives rise, and no answer is to be found either in its own terms or the pleadings. It follows that it can only be determined, as in case of other like disputes, by proceedings at law. So while the judgment cannot be opened, defendant is entitled to his day in court. It is accordingly ordered as follows:

1. The rule to open is discharged.

2. An issue is awarded to determine how much, if anything, is due and owing to plaintiff by defendant on account of the contract on which the judgment is founded. The issue to be made up of plaintiff's statement and defendant's affidavit of defense. The respective pleadings to conform to the requirements of the Practice Act of 1915 in cases of assumpsit. The statement to be filed within fifteen days from this date.

Opinion and judgment of the court on rule for judgment for want of a sufficient affidavit of defense:

It was a mistake to suppose that a motion for judgment on the pleadings would lie in this case. Plaintiff already has judgment—though d. s. b. in form and cautionary in effect. An issue was awarded to determine how much, if anything, is due and owing by defendant on account of the contract underlying the judgment. An issue arising in that way can be tried only by jury as it is strictly of common law origin; while the present motion is just as strictly a creature of statute and available only in those actions to which it is made to apply by the Practice Act of 1915.

It seems possible that counsel misapprehended the effect of the order directing the issue, which was to be made up by plaintiff's statement and defendant's affidavit of defense, both "to .conform to the requirements of" that statute. But this reference should have been understood as having to do only with the form of the pleadings, and not the method of trial.

The exceptions are dismissed and the rule for judgment is vacated.

*Error assigned,* among others, was in dismissing exceptions to the affidavit of defense.

*Morgan S. Kaufman,* and with him *Philip V. Mattes,* for appellant.

*H. S. Alworth,* for appellee.

Per Curiam, April 17, 1922:

A careful examination of the record in this case convinces us that the question involved was properly disposed of by the court below.

The reasons given, in the opinion filed, for the conclusion reached are sufficient answers to the assignments of error.

The assignments of error are overruled. The judgment is affirmed.